```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


WALTER MORROW and PAMELA TAYLOR,   )
                                   )
          Plaintiffs,              )
                                   )
     vs.                           )    No. 4:06CV1243-DJS
                                   )
JOHN H. SOEDER, III and            )
SHER & SHABSIN, P.C.,              )
                                   )
          Defendants.              )
```

ORDER

In January of 2005, plaintiff Walter Morrow entered into a loan agreement with Mo. Payday Loan. In August 2005, Title Lenders, Inc. filed suit against Morrow in state circuit court alleging Morrow's default on the loan. In September 2005, the suit was resolved by the entry of a consent judgment in the amount of $2,781.42 plus costs, purporting to bear Morrow's signature, apparently acting pro se. On July 15, 2003, plaintiff Pamela Taylor entered into a loan agreement with Title Lenders, Inc. doing business as Mo. Payday Loan. In July 2005, Title Lenders brought suit against Taylor in state circuit court alleging her default on the loan. A default judgment in the amount of $1,738.05 plus costs was entered against Taylor in August 2005. In the instant action, Taylor and Morrow allege that by filing the state court petitions, attorneys John H. Soeder, III and Sher & Shabsin, P.C. violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692.

Now before the Court is defendants' motion to compel arbitration. Morrow's loan agreement provides: "I agree to binding arbitration for the settlement of any disputes relating in any way to this loan agreement and the underlying transaction and the security agreement." Exh. B to Memo. in Support [Doc. #10-2], p.3. Taylor's loan agreement contains the following:

> ARBITRATION PROVISION: Except as stated in the next sentence, you and we agree that any "dispute," regardless of when it arose, shall be resolved by arbitration in accordance with this Agreement...For purposes of this Agreement, a "dispute" is any claim or controversy of any nature whatsoever arising out of or in any way related to this loan; arranging of the loan; any application, inquiry or attempt to obtain the loan; this Agreement; or any other aspect of this loan. It includes, but is not limited to, federal or state contract, tort, statutory, regulatory, common law and equitable claims. It includes claims against any of our or your affiliates, directors, officers, employees, agents, successors, or assigns.

Exh. A to Memo. in Support [Doc. #10-1], p.3.

The broad phraseology of the arbitration provisions -- "any disputes relating in any way to this loan agreement" and "any claim or controversy of any nature whatsoever...in any way related to this loan" -- encompasses the FDCPA claims pled by the plaintiffs here. Furthermore, "any doubts raised in construing contract language on arbitrability 'should be resolved in favor of arbitration.'" <u>Telectronics Pacing Sys., Inc. v. Guidant Corp.</u>, 143 F.3d 428, 430 (8th Cir. 1998), *quoting* <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25 (1983); <u>see</u> <u>also</u> <u>CD Partners, LLC v. Grizzle</u>, 424 F.3d 795, 800 (8th Cir. 2005). "Where

the parties to such a clause unmistakably intend to arbitrate all controversies which might arise between them, their agreement should be applied to claims against agents or entities related to the signatories." Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 1110, 1122 (3rd Cir. 1993). The Taylor agreement provision expressly extends the definition of arbitrable disputes to those involving the agents of the signatory parties.

Plaintiffs do not dispute that when defendants filed the lawsuits upon which plaintiffs' claims here are based, defendants were acting on behalf of, and as agents for, Title Lenders/Mo. Payday Loan. "An agent is subject to the same contractual provisions, including arbitration contracts, to which the principal is bound." Nitro Distributing, Inc. v. Alticor, Inc., 453 F.3d 995, 999 (8th Cir. 2006), *citing* Pritzker, 7 F.3d at 1121 ["Because a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreements."].

Furthermore, "[a] nonsignatory can enforce an arbitration clause against a signatory to the agreement in several circumstances[,]" both of which are present here. CD Partners, 424 F.3d at 798. The first circumstance relates to the relationship between the nonsignatory defendants and the absent signatory, and is found where that relationship is "sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration

of the underlying arbitration agreement between the signatories be avoided." Id., *quoting* MS Dealer Serv. Corp. v. Franklin, 177 F3d. 942, 947 (11th Cir. 1999). Such is the case here, where the relationship is that of client-principal and counsel-agent and the relationship existed for the purpose of an attempt to enforce the agreements to which the client-principal and the plaintiffs here were parties. The second circumstance is present when the signatory relies on the terms of the written agreement containing the arbitration clause in asserting its claims against the nonsignatory. Id. Plaintiffs' petition herein repeatedly references the underlying loan agreements in support of plaintiffs' assertions of defendants' violations of the FDCPA. Petition [Doc. #1-4], ¶7. For all the foregoing reasons, the Court concludes that defendants may invoke arbitration rights against plaintiffs to the extent that Title Lenders itself could.[1]

Nonetheless, plaintiffs argue that the arbitration clause was waived when their defaults were pursued by means of litigation rather than arbitration. Again the "strong federal policy in favor of arbitration" plays an important role in the analysis, namely yielding that "any doubts concerning waiver of arbitrability should be resolved in favor of arbitration." Ritzel Communications, Inc. v. Mid-American Cellular Telephone Company, 989 F.2d 966, 968-69 (8th

---

[1] Having reached this determination on the basis of agency principles, the Court need not and does not address the parties' arguments concerning defendants' potential third-party beneficiary status.

Cir. 1993). A waiver will be found "where the party claiming the right to arbitrate: (1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts." Id. at 969. Whether a waiver has occurred is dependent on the particular facts and must be determined on a case-by-case basis. Id. at 971; Stifel, Nicolaus & Company Incorporated v. Freeman, 924 F.2d 157, 159 (8th Cir. 1991).

Even assuming without deciding that the first two prongs of this test are met, the necessary prejudice is absent. "Prejudice may result from lost evidence, duplication of efforts, use of discovery methods unavailable in arbitration...or litigation of substantial issues going to the merits...Delay in seeking to compel arbitration does not itself constitute prejudice." Stifel, Nicolaus, 924 F.2d at 159. A party's prior invocation of judicial process does not necessarily support a finding of waiver. Id. For instance, "only prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in waiver of the right to arbitrate." Doctor's Associates, Inc. v. Distajo, 107 F.3d 126, 133 (2nd Cir. 1997).

The litigation previously instigated by defendants on Title Lenders' behalf sought recovery for plaintiffs' defaults on the promissory notes associated with their payday loan agreements. The FDCPA claims plaintiffs here bring raise different legal and factual issues, as to which the prior suits on the notes do not constitute a waiver of arbitration rights. Plaintiff Morrow consented to the

5

judgment entered in the suit on the note, and plaintiff Taylor failed to appear and defend in that action. In these circumstances, no prejudice of the relevant sort, namely "inherent unfairness in terms of delay, expense, or damage to a party's legal position" appears to have occurred. Distajo, 107 F.3d at 134. Title Lenders' prior invocation of judicial process, in filing suit on the defaulted promissory notes, is not shown to have prejudiced the plaintiff-borrowers with respect to the FDCPA claims they now pursue.

For all the foregoing reasons, the Court concludes that defendants may invoke, and have not waived, the arbitration clauses in the underlying loan agreements, and that those clauses encompass the claims at issue in this action. The Court will therefore grant defendants' motion to compel arbitration and dismiss this action in favor of the arbitration so compelled.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel arbitration and motion to dismiss [Doc. #9-1] is granted, and their motion in the alternative to stay all proceedings [Doc. #9-2] is denied.

Dated this ___3rd___ day of October, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE